THE NEW ORLEANS GAS LIGHT AND BANKING COMPANY *v.* GEORGE R. BOTTS.

APPEAL from the District Court of the First District, *Buchanan,* J.

*G. Strawbridge,* for the plaintiffs.

*Larue* and *Preston,* for the appellants.

MORPHY, J. This action is brought to recover $1050, the price of a slave named Davy, sold to the petitioners on the 10th of April, 1838, on the ground that said slave ran away in June following, and that he was addicted to the vice of running away, long previous to the sale. There was a verdict and judgment in favor of the plaintiffs below, and the defendant appealed, having failed in an attempt to obtain a new trial.

The evidence shows that Dr. Rogers, the superintendent of the gas works, having met the defendant shortly before the sale, the latter told him he had heard that the company wished to buy slaves; that he had not then on hand any that would suit them, but that a friend of his had gone to Mississippi to purchase prime slaves, and that, if he could wait a few days, he would furnish him such a one as would suit; that, some time after, as Dr. Rogers was passing in his gig, defendant asked him to stop and examine a slave, pointing to Davy, and stating, in answer to a question, that the boy had been in town but a few days before; that the slave was bought, and ran away in the early part of June following, and once before that time. It is further shown, that the defendant had purchased this slave about a month before he sold him to the plaintiffs, from one Calvin Stephen Smith, with a restricted warranty against the redhibitory maladies only; that the slave was then in the chain gang, to the knowledge of the defendant; was sold to him for $500, clear of all expenses; and was represented as a subject very hard to manage. This evidence, we think, sustains the verdict of the jury, and accords with the presumption created by the law of 1834, that the vice existed before the sale whenever it is discovered within two months after. No proof has been adduced

that the slave had been here more than eight months. On the contrary, the statements of the defendant before and at the time of the sale, if any credit is given to them, would lead to the belief that the slave had been in the State but a few days, when he was purchased by the petitioners. Laws of 1834, p. 7. 13 La. 51.

*Judgment affirmed.*